UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| J. CLIPPARD,[1] Plaintiff, | ) | |
| v. | ) | Case No. 3:25-cv-590 |
| FRANK J. BISIGNANO, Commissioner of Social Security, Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, J. Clippard, on July 3, 2025. For the reasons set forth below, the decision of the Commissioner is **REMANDED**.

***Background***

The plaintiff, J. Clippard ("Clippard"), filed an application for disability insurance benefit and supplemental income under Titles II and XVI of the Social Security Act in September 2022, with an amended alleged disability onset date of December 24, 2020. (Tr. 243-55; Tr. 289). The Social Security Administration ("SSA") initially denied Clippard's claims and again on reconsideration. (Tr. 120-38). Following a hearing, Administrative Law Judge ("ALJ") Jeffrey Ciegel issued an unfavorable decision on July 18, 2024. (Tr. 10-19). The Appeals Council denied Clippard's request for review on April 30, 2025, making the ALJ's decision the final decision of the Commissioner.

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act ("SSA"), the ALJ found that Clippard had not

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

engaged in substantial gainful activity since December 24, 2020. (Tr. 13).

At step two, the ALJ determined that Clippard had the medically severe impairments of right leg below the knee amputation and bilateral upper and lower extremity neuropathy (20 CFR 404.1520(c) and 416.920(c)). (Tr. 13). The ALJ also found that Clippard had the medically non-severe impairment of right shoulder tendinopathy with suspected labrum tear. *Id.*

At step three, the ALJ concluded that Clippard did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Following step three, the ALJ then assessed Clippard's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: The claimant could stand and or walk for 2 hours total in an 8-hour workday and sit for 6-hours total in an 8-hour workday. The claimant can occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, and occasionally balance, stoop, kneel, crouch, or crawl. The claimant can frequently reach, handle, and finger with the bilateral upper extremities. The claimant should have no exposure to hazards such as unprotected heights, machinery with moving mechanical parts, or operating a motor vehicle. The claimant should have no exposure to extreme heat or cold, occasional exposure to vibrations and occasional exposure to wetness and humidity. The claimant could never use foot controls workplace with the right lower extremity.

(Tr. 14).

At step four, the ALJ found that Clippard had no past relevant work. (Tr. 18).

At step five, the ALJ relied on vocational expert testimony and found that Clippard could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a final assembler, telephone order clerk, and touch up screener. (Tr. 19). As a result, the ALJ found that Clippard was not disabled, as defined in the Social Security Act. *Id.*

***Discussion***

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026); *Liapis v. Bisignano*, 180 F.4th 946, 950 (7th Cir. 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining

whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill***,** 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Clippard has requested that the court remand this matter for additional proceedings. In his appeal, he challenges the ALJ's reliance on vocational expert ("VE") testimony, evaluation of headaches, and evaluation of his subjective statements.

***The ALJ Failed to Address Inconsistencies in the Record and Vocational Expert Testimony***

Clippard argues that the VE testified that he could work three jobs that existed in sufficient numbers in the national economy but did not cite to jobs that were actually contained in the DOT as described. The Commissioner argues that Clippard waived this argument because he did not object during the hearing, that the VE properly cited to jobs, and that the VE properly opined as to what types of jobs were workable and how many of those jobs existed in the national economy. The court will first address the issue of waiver.

Clippard did not waive any argument as to the reliability of the VE's testimony regarding workable jobs. While counsel did not object, counsel cross examined the VE and specifically asked the VE to identify where she was getting her job titles and the purported numbers in the national economy for each title. (Tr. 53-56). Accordingly, Clippard may proceed with his arguments here.

Next, ALJs are required, by statute, to discuss any conflicts between VE testimony and the DOT. SSR 00-4p;[2] *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2008); *see also Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2011). The VE testified that Clippard could work as a final assembler (DOT Code 713.687 with 34,000 national jobs), telephone order clerk (DOT Code 209.567-014 with 13,000 national jobs), and a touch-up screener (DOT Code 726.684-110 with 19,000 national jobs). (Tr. 19). On cross examination, the VE stated that the numbers she gave were for broader categories of jobs rather than for these three job codes. (Tr. 53-57). After this

[2] SSR 00-4p was rescinded by the Social Security Administration on January 6, 2025. However, this Social Security Ruling was applicable at the time of the ALJ's decision, and federal courts are to apply the rules and regulations in effect at the time the final decision was rendered. SSR 24-3p n.1.

contradiction emerged on cross examination, the ALJ had a duty to rectify the disparity and assess the reliability of the VE's methodology. "The ALJ must 'hold the [vocational expert] to account for the reliability of [her] job-number estimates." *Ruenger v. Kijakazi*, 23 F.4th 760, 764 (7th Cir. 2022) (quoting *Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018)). The Commissioner has the burden at Step Five to demonstrate that the claimant, considering his age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek***,** 587 U.S. at 107–08. Without resolution of this conflict, the court does not have substantial evidence in support of the ALJ's decision, which relied upon the VE's testimony of job codes and job numbers. ((Tr. 19) ("Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.")).

When questioned on cross examination about how she extrapolated the number of jobs for each DOT title, the VE explained that she reduced the percentage of all production jobs with sedentary exertion levels by 37.2 percent to find the unskilled jobs that remained. (Tr. 54). Subsequently, the VE then conducted her own "labor market analysis," without more, and organized the jobs into five categories. (Tr. 54-55). Clippard's counsel questioned the VE as to each DOT title and purported number of national jobs. (Tr. 53-61). The VE elusively responded as to her methodology for each. *Id.*

If counsel does not question the VE, then the ALJ is entitled to rely upon the VE's testimony as it stands. 20 C.F.R. §§ 404.1520, 416.960 (c)(2); *Fetting v. Kijakazi*, 62 F.4th 332, 337 (7th Cir. 2023) (quoting *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002)). However,

here, Clippard's counsel did question the VE regarding the DOT titles and the number of jobs in the economy. (Tr. 53-61). As such, the ALJ was obligated to hold the VE accountable as to the reliability of her testimony. *Ruenger*, 23 F.4th at 764. Notably, when Clippard's counsel questioned the VE about whether the job of "final assembler" was obsolete, the VE replied, "it's not necessarily that particular DOT." (Tr. 53).

The requisite standard for an ALJ's evaluation is that it must be "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2023) (quoting *Moore*, 743 F.3d at 1121). Here, the court is unable to analyze the ALJ's assessment of the VE's testimony because of this failure to show that the data could be reasonably relied upon. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (the Circuit will reverse an ALJ's determination "only if the record compels a contrary result"); *Norman v. Comm'r of Soc. Sec.*, No. 1:24-CV-57-JD, 2025 WL 900543, at *7 (N.D. Ind. Mar. 24, 2025). "A critical aspect of the vocational expert's job estimation process is how that expert matches general economic data… to specific DOT numbers used by the agency." *Charlton v. Comm'r of Soc. Sec.*, No. 1:24-CV-310-JD, 2025 WL 2611381, at *5 (N.D. Ind. Sept. 10, 2025) (quoting *Chavez v. O'Malley*, 96 F.4th 1016, 1022 (7th Cir. 2024)).

The Commissioner maintains that Clippard waived any objection as to the VE's methodology and, even if there was no waiver, that the VE was allowed to state that the jobs were "representative" but aligned with the "work process, skill, exertional, postural, and aptitude requirements" as needed. [DE 25 at 6]. Again, this does not satisfy the VE's obligations. *Browning v. Colvin*, 766 F.3d 702, 708 (7th Cir. 2014). Even more importantly, the ALJ failed to further inquire into the VE's methodology once it was brought into question by Clippard's counsel.

*Norman*, 1:24-CV-57-JD, 2025 WL 900543, at *7.

***Conclusion***

Because the court finds remand necessary given the reliability of the vocational expert's testimony, the court need not address Clippard's other arguments at this time. Accordingly, the court **REMANDS** the Commissioner's decision.

ENTERED this 28th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge